MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ANTONIA VARGAS SANCHEZ (A.K.A. MARGARITA), *individually and on behalf of others similarly situated,*

                          *Plaintiff*,

                    -against-

LIVE POULTRY FARM CORP. (D/B/A LIVE POULTRY FARM), WEBSTER LIVE CHICKEN MARKET INC. (D/B/A LIVE POULTRY FARM), MUFID S AWADALLAH, ALI MUSTAFA, HAMADA DOE, and TONY MENDOZA,

                          *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Antonia Vargas Sanchez (a.k.a. Margarita) ("Plaintiff Vargas" or "Ms. Vargas"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Live Poultry Farm Corp. (d/b/a Live Poultry Farm), Webster Live Chicken Market Inc. (d/b/a Live Poultry Farm), ("Defendant Corporations"), Mufid S Awadallah, Ali Mustafa, Hamada Doe, and Tony Mendoza, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Vargas is a former employee of Defendants Live Poultry Farm Corp. (d/b/a Live Poultry Farm), Webster Live Chicken Market Inc. (d/b/a Live Poultry Farm), Mufid S Awadallah, Ali Mustafa, Hamada Doe, and Tony Mendoza.

2. Defendants own, operate, or control a live poultry market, located at 1167 Webster Ave., Bronx, NY 10456 under the name "Live Poultry Farm."

3. Upon information and belief, individual Defendants Mufid S Awadallah, Ali Mustafa, Hamada Doe, and Tony Mendoza, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the a live poultry market as a joint or unified enterprise.

4. Plaintiff Vargas was employed as a poultry cutter at the a live poultry market located at 1167 Webster Ave., Bronx, NY 10456.

5. At all times relevant to this Complaint, Plaintiff Vargas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Vargas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Vargas to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vargas and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Vargas now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Vargas seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Vargas's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a live poultry market located in this district. Further, Plaintiff Vargas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Antonia Vargas Sanchez (a.k.a. Margarita) ("Plaintiff Vargas" or "Ms. Vargas") is an adult individual residing in Bronx County, New York.

14. Plaintiff Vargas was employed by Defendants at Live Poultry Farm from approximately June 7, 2018 until on or about February 6, 2019.

15. Plaintiff Vargas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a live poultry market, located at 1167 Webster Ave., Bronx, NY 10456 under the name "Live Poultry Farm."

17. Upon information and belief, Live Poultry Farm Corp. (d/b/a Live Poultry Farm) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1167 Webster Ave., Bronx, NY 10456.

18. Upon information and belief, Webster Live Chicken Market Inc. (d/b/a Live Poultry Farm) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1167 Webster Ave., Bronx, NY 10456.

19. Defendant Mufid S Awadallah is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mufid S Awadallah is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mufid S Awadallah possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants,

including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Ali Mustafa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ali Mustafa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ali Mustafa possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Hamada Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hamada Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Hamada Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Tony Mendoza is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tony Mendoza is sued individually in his capacity as a manager of Defendant Corporations. Defendant Tony Mendoza possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of

Defendants, including Plaintiff Vargas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a live poultry market located in the Claremont Village neighborhood of Bronx in New York City.

24. Individual Defendants, Mufid S Awadallah, Ali Mustafa, Hamada Doe, and Tony Mendoza, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Vargas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Vargas, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Vargas (and all similarly situated employees) and are Plaintiff Vargas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Vargas and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Mufid S Awadallah, Ali Mustafa, and Hamada Doe operate Defendant Corporations as either alter egos of themselves

and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Vargas's employers within the meaning of the FLSA and New York Labor Law.

31. Defendants had the power to hire and fire Plaintiff Vargas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Vargas's services.

32. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the a live poultry market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Vargas is a former employee of Defendants who was employed as a poultry cutter.

35. Plaintiff Vargas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Antonia Vargas Sanchez (a.k.a. Margarita)*

36. Plaintiff Vargas was employed by Defendants from approximately June 7, 2018 until on or about February 6, 2019.

37. Defendants employed Plaintiff Vargas as a poultry cutter.

38. Plaintiff Vargas regularly handled goods in interstate commerce, such as a live poultry market and other supplies produced outside the State of New York.

39. Plaintiff Vargas's work duties required neither discretion nor independent judgment.

40. Throughout her employment with Defendants, Plaintiff Vargas regularly worked in excess of 40 hours per week.

41. From approximately June 7, 2018 until on or about February 6, 2019, Plaintiff Vargas worked from approximately 8:00 a.m. until on or about 6:00 p.m., 5 days a week and from approximately 8:00 a.m. until on or about 4:00 p.m., 1 day a week (typically 58 hours per week).

42. Throughout her employment, Defendants paid Plaintiff Vargas her wages in cash.

43. From approximately June 7, 2018 until on or about February 6, 2019, Defendants paid Plaintiff Vargas a fixed salary of $480 per week.

44. Plaintiff Vargas's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

45. For example, Defendants required Plaintiff Vargas to work an additional 15 to 30 minutes past her scheduled departure time once a week, and did not pay her for the additional time she worked.

46. Defendants never granted Plaintiff Vargas any breaks or meal periods of any kind.

47. Plaintiff Vargas was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Vargas regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Vargas an accurate statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff Vargas, in English and in Spanish (Plaintiff Vargas's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants required Plaintiff Vargas to purchase "tools of the trade" with her own funds—including gloves, soap and sponges the clean the machine, copper sponge and black rainboots for protection.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Vargas (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

53. Plaintiff Vargas was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

54. Defendants' pay practices resulted in Plaintiff Vargas not receiving payment for all her hours worked, and resulted in Plaintiff Vargas's effective rate of pay falling below the required minimum wage rate.

55. Defendants habitually required Plaintiff Vargas to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants paid Plaintiff Vargas her wages in cash.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Vargas (and similarly situated individuals) worked, and to avoid paying Plaintiff Vargas properly for her full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Vargas and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Vargas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Vargas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

64. Plaintiff Vargas brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Vargas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

66. The claims of Plaintiff Vargas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Vargas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

69. Defendants had the power to hire and fire Plaintiff Vargas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72. Defendants failed to pay Plaintiff Vargas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

73. Defendants' failure to pay Plaintiff Vargas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Vargas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Vargas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Vargas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Vargas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

79. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Vargas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

81. Defendants had the power to hire and fire Plaintiff Vargas, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

82. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Vargas less than the minimum wage.

83. Defendants' failure to pay Plaintiff Vargas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Vargas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

85. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Vargas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87. Defendants' failure to pay Plaintiff Vargas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Vargas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

89. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Vargas with a written notice, in English and in Spanish (Plaintiff Vargas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Vargas in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

92. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Vargas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Vargas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

95. Plaintiff Vargas repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants required Plaintiff Vargas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97. Plaintiff Vargas was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vargas respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vargas and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Vargas and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Vargas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Vargas and the FLSA Class members;

(f)     Awarding Plaintiff Vargas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Vargas and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vargas;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Vargas;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Vargas's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Vargas;

(l) Awarding Plaintiff Vargas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Vargas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Vargas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Vargas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Vargas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Vargas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 8, 2019

                                              MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 18, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Antonia Vargas Sanchez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *[signed] Antonia Vargas*

Date / Fecha:   18 de febrero 2019

*Certified as a minority-owned business in the State of New York*